## IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
## IN RE: ASBESTOS LITIGATION

| | | |
|---|---|---|
| CONSTANCE L. AVENI, individually and as Executor of the Estate of VINCENZO J. Aveni, deceased, | ) ) ) ) | |
| Plaintiff, | ) ) ) | C.A. No. N14C-06-037 ASB |
| v. | ) ) | |
| UNION CARBIDE CORP., et al., | ) ) | |
| Defendants. | ) ) | |

Decided: November 8, 2017

### ORDER

*Upon Defendant Union Carbide Corporation's
Motion for Summary Judgment*. **GRANTED.**

Plaintiff, Constance L. Aveni, individually and as Personal Representative of the Estate of Vincenzo J. Aveni, deceased, ("Plaintiff") cannot satisfy the summary judgment criteria on the issues of product identification.[1] Plaintiff alleges that Vincenzo Aveni ("Mr. Aveni") developed lung cancer from using Defendant Union Carbide Corporation's ("Union Carbide") products. Plaintiff alleges that Mr. Aveni

---

[1] Super. Ct. Civ. R. 56; *Smith v. Advanced Auto Parts, Inc.*, 2013 WL 6920864, at *3 (Del. Super. Dec. 30, 2013); *see Moore v. Sizemore*, 405 A.2d 679, 680 (Del. 1979); *Nutt v. A.C. & S., Inc.*, 517 A.2d 690, 692 (Del. Super. Ct. 1986); *In re Asbestos Litigation (Helm)*, 2012 WL 3264925 (Del. Aug. 13, 2012).

was exposed to Union Carbide's products while he worked in the construction industry performing personal home construction. Mr. Aveni's son, Joseph Aveni, is the only product identification witness in this action. Union Carbide alleges that Plaintiff has not demonstrated that it is responsible for Mr. Aveni's injuries. In its Motion, Union Carbide states that from 1963 through 1985 it mined and milled a "unique short-fiber, remolite-free, chrysotile asbestos fiber known as Calidria." Subsequently, Union Carbide sold Calidria to manufacturers who used it during certain times and at certain locations while manufacturing their own product. Union Carbide sold Calidria to Georgia-Pacific's Chicago, Illinois plant from 1970 to April 1977. Union Carbide also sold Calidria to USG from 1971 to 1975, and to the manufacturer of Gold Bond joint compound, National Gypsum, from 1967 to 1975. According to Union Carbide, it was not the sole supplier to these companies. Union Carbide states that there are two potential areas of exposure that allegedly link Union Carbide to Mr. Aveni's injuries. First, Joseph Aveni testified that his father used Georgie-Pacific, USG, and Gold Bond joint compounds while at Jance Construction from 1979 to 1983. Second, Mr. Aveni used Georgia-Pacific premised joint compound when he performed personal home construction projects between 1977 and 1981.

Union Carbide avers that it was impossible for Mr. Aveni to have been exposed to asbestos from Union Carbide's Calidria because the product allegedly

2

used by Mr. Aveni, a Georgia-Pacific joint compound, was manufactured after April 1977. Union Carbide argues that Georgia-Pacific compound became entirely asbestos-free in 1977, which was before Mr. Aveni allegedly used the compound in his home. Additionally, before 1977, Georgia-Pacific manufactured both asbestos and non-asbestos containing joint compounds, and USG and Gold Bond joint compounds manufactured after 1975 did not contain Calidria. Finally, Union Carbide alleges that Plaintiff has not proven that Calidria, as opposed to an asbestos product from another supplier, was present in the joint compound Mr. Aveni used. Contrary to Union Carbide's position in its Motion, Plaintiff contends that there are genuine issues of fact. Plaintiff argues that Union Carbide was an exclusive supplier of asbestos to Georgia-Pacific's Chicago plant until May 1977, and during this time frame Mr. Aveni used Georgia-Pacific compound. Joseph Aveni testified that he was present while his father remodeled their family home between 1977 and 1981. He testified that he recalled his father using a product labeled "Georgia-Pacific" and it came in plastic buckets. Joseph Aveni testified that this was around 1977. Plaintiff provided testimony from Corporate Representative Howard Schutte of Georgia-Pacific demonstrating that Georgia-Pacific sold asbestos containing mix for up to 180 days after it removed asbestos from its product line in 1977.

First, Plaintiff did not oppose Union Carbide's argument regarding USG and Gold Bond compound, thus its motion is granted as to those alleged exposures. The

3

argument the Court takes issue with is that this is not a Georgia-Pacific case. Rather, it is a case against Union Carbide because they were *one* supplier of asbestos to Georgia-Pacific. Union Carbide cites to numerous cases, including *Campbell v. A.W. Chesterton*, an Ohio Court of Common Pleas case, for the proposition that Union Carbide did not owe Mr. Aveni a duty to warn. However, without analyzing the duty to warn argument under Ohio substantive law, the Court finds that Plaintiff's case fails for lack of product identification. First, the only link between the Plaintiff and an asbestos product related to Union Carbide is Calidria that Union Carbide sold to Georgia-Pacific. The issue with Plaintiff's case is that there is no evidence that Mr. Aveni worked with an asbestos containing Georgia-Pacific product. Plaintiff contends that Union Carbide was the sole provider of Calidria to the Chicago, Illinois Georgia-Pacific plant, yet there is no support in the record for this statement. Similarly, as Union Carbide discuses in its papers, Georgia-Pacific made both asbestos containing and non-asbestos containing compound during the time period identified by Joseph Aveni. Thus, there is no evidence that the mix Mr. Aveni used contained asbestos, let alone asbestos provided by Union Carbide. Additionally, there is no identification of what Georgia-Pacific product Mr. Aveni used. Joseph Aveni testified that he recalled his father using a product by Georgia-Pacific that came in plastic buckets. A reasonable jury could not determine that Union Carbide was responsible for Mr. Aveni's injuries, beyond pure speculation,

4

that the product contained asbestos and the asbestos was provided by Union Carbide. Therefore, Defendant Union Carbide Corporation's Motion for Summary Judgment is hereby **GRANTED.**

**IT IS SO ORDERED.**

/s/ Calvin L. Scott

_____

The Honorable Calvin L. Scott, Jr.